Dear Senator Chabert:
You have requested the opinion of this office as to the validity of 10-6 of the Avoyelles Parish Code. The ordinance in question provides:
 There is hereby adopted a ban on the dumping of any and all hazardous wastes within the parish, to include storage, burying, or other disposal in any way, shape, or form, in order that the safety and general well-being of the residents of Avoyelles Parish may be protected.
The above-quoted ordinance was amended by motion at the regular meeting of the Avoyelles Parish Police Jury on July 9, 1991. An excerpt from the minutes of that meeting contains the following:
 On motion by Tommy Lacombe, seconded by Jan Lemoine, the Avoyelles Parish Police Jury hereby amends 10.6[sic] of the Avoyelles Parish Code of Ordinances (Dumping of Hazardous Wastes) to also include any level of radioactive materials and naturally occurring radioactive materials.
It is the opinion of this office that Avoyelles Parish Code 10-6, as amended by the July 9, 1991 motion, is invalid, because the field sought to be regulated by the Parish has been preempted by the state through the enactment of the Louisiana Hazardous Waste Control Law (La. R.S. 30:2171
through 2206) and the Louisiana Nuclear Energy and Radiation Control Law (La. R.S. 30:2101 through 2119).
In 1979, the Louisiana Supreme Court considered a challenge to a Parish ordinance that prohibited the disposal of hazardous waste within the boundaries of the parish. The court considered state statutes which expressly granted to state agencies exclusive jurisdiction over the handling of certain solid and hazardous wastes and over the development of comprehensive hazardous waste control programs, and concluded that "the state government has preempted the field of hazardous waste regulation as defined in the . . . amendment to the ordinance." Rollins Environmental Services, Inc. v. Iberville Parish, 371 So.2d 1127 (La. 1979). The court held the ordinance banning hazardous waste disposal to be invalid.
Subsequent to the Rollins decision, the Legislature has provided that:
 In order to achieve and maintain uniform and comprehensive statewide regulation in conformity with the provisions of this Chapter, the state shall have exclusive jurisdiction over the generation, transportation, or disposal of hazardous wastes, and no subordinate political subdivision of this state shall enact, pass, or otherwise approve any ordinance or other regulatory measure regulating or purporting to regulate any activity pertaining to the generation, transportation, or disposal of hazardous wastes. * * * La. R.S. 30:2180C
The Legislature has also provided that:
 . . . no parish or municipality shall engage in any regulation of the generation, transportation and/or disposal of hazardous wastes other than the initial siting of facilities pursuant to general land use planning, zoning, or solid waste disposal ordinances.
La. R.S. 33:1236(31)
These provisions clearly express the Legislature's intent that the Hazardous Waste Control Law and the regulations promulgated thereunder shall preempt the field of hazardous waste regulation, to the exclusion of local ordinances. The exception which is provided for the "initial siting of facilities pursuant to general land use planning, zoning, or solid waste disposal ordinances," does not, in our opinion, apply to an outright ban on hazardous waste disposal within the parish. A parish-wide prohibition of a specific activity, without differentiation as to specific zones or areas within the parish, would allow a parish to frustrate the stated purpose of La. R.S. 30:2180C, "to achieve and maintain uniform and comprehensive statewide regulation" of hazardous wastes.
The July 9, 1991 amendment of Avoyelles Parish Code 10-6 purports to include within the prohibition of that section "any level of radioactive materials and naturally occurring radioactive materials." While radioactive materials do not necessarily fall within the definition of hazardous waste contained in the Louisiana Hazardous Waste Control Law (see La. R.S.30:2173(2)), that amendment cannot be severed from the remainder of 10-6, and therefore must also be invalid. (See State of Louisiana v. Johnson, 343 So.2d 705 (La. 1977).)
Even if the amendment could be severed and stand as a complete act within itself, it would nevertheless be impliedly preempted by state law. The Louisiana Nuclear Energy and Radiation Control Law, La. R.S.30:2101 through 2119, is expressly designed to "provide for an efficient system to regulate and control the development and utilization of all sources of radiation within the state of Louisiana." La. R.S. 30:2102. The Louisiana Nuclear Energy and Radiation Control law and the regulatory program promulgated pursuant thereto constitute a comprehensive and pervasive system of law which is designed to meet the need for uniform, state-wide regulation of radioactive waste. This program preempts local legislation of the field.
If this office may be of further assistance to you, please feel free to contact us.
Yours truly,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: CHRISTOPHER A. RATCLIFF Staff Attorney